KOHUT & KOHUT, LLP
Sarah K. Kohut, Esquire
California Bar No. 197655
3554 Round Barn Boulevard
Suite No. 204
Santa Rosa, California 95403
Telephone No. (707) 573-3100
Facsimile No. (707) 573-3101
E-Mail: sarah@kohutlaw.com
*Attorneys for Plaintiff, TracFone Wireless, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

TRACFONE WIRELESS, INC., a Delaware Corporation,

Plaintiff,

v.

NOOR TRADERS,

Defendant. /

CASE NO. 3:09-CV-05287-JCS

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT NOOR TRADERS**

Plaintiff, TRACFONE WIRELESS, INC. ("TracFone"), brought the above-captioned lawsuit against Defendant NOOR TRADERS ("Noor Traders" or "Defendant"), alleging that Noor Traders is engaged in an unlawful enterprise involving the acquisition, sale and alteration of large quantities of TracFone, NET 10, SafeLink and/or Straight Talk branded prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone Prepaid Phones for Noor Traders' benefit, and computer hacking and erasing or otherwise disabling the prepaid software ("TracFone Prepaid Software") installed in the Phones and essential for consumers to access TracFone's prepaid wireless network. This unlawful business practice involves the unauthorized and/or unlawful purchase, resale and/or trafficking of TracFone Prepaid Phones, the unauthorized and/or unlawful unlocking and/or reflashing of

TracFone Prepaid Phones and/or alteration, copying, and/or accessing of TracFone's copyrighted and proprietary software computer code installed in the Phones, or reselling the Phones to others who disable the software, and ultimately sell the altered Phones as new to unsuspecting consumers under the TracFone, NET 10, SafeLink and/or Straight Talk trademarks for unauthorized use outside of the TracFone prepaid wireless system for profit (the "Illicit Bulk Resale Scheme").

TracFoneNET10 Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Prepaid Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract between Noor Traders and TracFone.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone Prepaid Phones agree: (a) to use the Phones only in conjunction with the TracFone or NET10 prepaid wireless service; (b) not to tamper with or alter TracFone Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone, NET10, SafeLink and/or Straight Talk service, or assist others in such acts; and (c) not to export any TracFone Prepaid Phones outside of the TracFone, NET10, SafeLink and/or Straight Talk wireless system coverage area ("Coverage Area"). In violation of the Terms and Conditions, Noor Traders has, among other things, unlawfully exported TracFone Prepaid Phones to foreign countries outside of the

Coverage area or knowingly facilitated others who have done so; facilitated others to use the Phones without the TracFone, NET10, SafeLink and/or Straight Talk prepaid wireless service; and altered TracFone Prepaid Phones and the Phones' software or facilitated others who have done so.

As a result of Noor Traders' involvement in the Illicit Bulk Resale Scheme, TracFone asserted claims against Noor Traders for Federal Trademark Infringement in violation of 15 U.S.C. §1114; Federal Unfair Competition in violation of 15 U.S.C. §1125(A); Contributory Trademark Infringement; Federal Copyright Infringement of the Prepaid Software; Circumvention of Copyrighted Software Protection System, Trafficking in Circumvention Technology; Common Law Breach of Contract; Common Law Tortious Interference with a Contractual Right; Conspiracy to Induce Breach of Contract; and Common Law Unjust Enrichment.

Accordingly, it is hereby,

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to United States Trademark Registration No. 2,114,692, for "TracFone," issued on November 18, 1997 and based on a first use date of June 30, 1996; United States Trademark Registration No. 2,761,017, for "TracFone," issued on September 9, 2003 and based on a first use date of December 2000; United States Trademark Registration No. 3,224,929, for "TracFone," issued on April 3, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,222,623, for "TracFone," issued on March 27, 2007 and based on a first use

date of December 31, 2005; United States Trademark Registration No. 3,118,250, for "NET10," on July 18, 2006 and based on a first use date of March 1, 2005; United States Trademark Registration No. 3,255,754, for "NET10," issued on June 26, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,253,506, for "NET10," issued on June 19, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,251,389, for "NET10," issued on June 12, 2007 and based on a first use date of December 31, 2005; United States Trademark Registration No. 3,630,321 for "SafeLink Wireless" and Design, issued on June 2, 2009 and based on a first use date of September 12, 2008; the Straight Talk and Straight Talk and Design Marks (collectively the "TracFone/NET10/SafeLink/Straight Talk Trademarks").

3. The TracFone/NET10/SafeLink/Straight Talk Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable.

4. The Court further finds that TracFone holds a valid and enforceable copyright registration, TX 6-515-894, on the TracFone Prepaid Software.

5. The Court finds that Noor Traders' involvement in the Illicit Bulk Resale Scheme constitutes Federal Trademark Infringement in violation of 15 U.S.C. §1114; Federal Unfair Competition in violation of 15 U.S.C. §1125(A); Contributory Trademark Infringement; Federal Copyright Infringement of the Prepaid Software; Circumvention of Copyrighted Software Protection System; Trafficking in Circumvention Technology; Common Law Breach of Contract; Common Law Tortious Interference with a Contractual Right; Conspiracy to Induce Breach of Contract; and Common Law Unjust Enrichment.

6. The Court finds that the Terms and Conditions constitute a valid binding contract enforceable against Noor Traders. The Court finds that (a) facilitating others to use TracFone Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone Prepaid Phones outside of the Coverage Area, or assisting others in such acts, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

7. The Court further finds that Noor Traders' participation in the Illicit Bulk Resale Scheme has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

8. TracFone is entitled to injunctive relief and damages on the claims set forth in the Complaint.

9. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. §201.40(b)). The Court finds that this exemption does not absolve Noor Traders of liability for its violations of the DMCA as alleged in TracFone's Complaint, because Noor Traders' conduct as alleged in this case does not come within the scope of the exemption. Noor Traders' purchase and resale of TracFone Prepaid Phones was for the purpose of reselling those handsets for a profit, and not "for the sole purpose

of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

10. Final judgment is hereby entered against Defendant, Noor Traders, and in favor of Plaintiff, TracFone Wireless, Inc., a Delaware corporation, on all of the claims set forth in TracFone's Complaint and TracFone Wireless, Inc., a Delaware corporation, is awarded damages from Noor Traders in the principal amount of FIVE MILLION DOLLARS AND ZERO CENTS ($5,000,000.00), which shall bear interest at the legal rate, and for which let execution issue forthwith.

11. Noor Traders and each and all of Noor Traders' respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, principals, agents, employees, attorneys, accountants, investigators, consultants, representatives, agents, independent contractors, associates, servants, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for Noor Traders or on Noor Traders' behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Noor Traders or in active concert and participation with any Noor Traders, are hereby PERMANENTLY ENJOINED from:

    a. purchasing and/or selling any wireless mobile handset that they know, or should know, bears, or at one time bore, any of the TracFone/NET10/SafeLink/Straight Talk Trademarks, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone

Handsets"). Specifically, Noor Traders is enjoined from purchasing and/or selling all models of wireless phones currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's, NET10's, Straight Talk's and SafeLink's websites, www.tracfone.com, www.net10.com, www.safelink.com and www.straighttalk.com, respectively, and including without limitation the following TracFone Handsets:

| | | |
|---|---|---|
| Kyocera K126C | Motorola C343 | Nokia 1100 |
| LG 1500 | Motorola V170 | Nokia 1112 |
| LG 200C | Motorola V171 | Nokia 1600 |
| LG 200CM | Motorola RAZR V3a | Nokia 2126 |
| LG 300G | Motorola V176 | Nokia 2126i |
| LG 3280 | Motorola W175g | Nokia 2285 |
| LG 400G | Motorola W260g | Nokia 2600 |
| LG 410G | Motorola W326g | Nokia 3390 |
| LG 600G | Motorola W370 | Samsung T101G |
| LG CG225 | Motorola W375 | Samsung T201G |
| Motorola C139 | Motorola W376g | Samsung T301G |
| Motorola C155 | Motorola W377g | |
| Motorola C261 | Motorola W385 | |

b. rekitting, reflashing and/or unlocking of any TracFone Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any model of TracFone Handsets;

d. facilitating or in any way assisting other persons or entities who Noor Traders knows or should know are engaged in rekitting, reflashing and/or unlocking TracFone Handsets and/or hacking,

                altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

    e.    facilitating or in any way assisting other persons or entities who Noor Traders knows or should know are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets; and,

    f.    knowingly using the TracFone/NET10/SafeLink/Straight Talk Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone/NET10/SafeLink/Straight Talk Trademarks, without TracFone's prior written authorization.

12. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction. If Defendant violates the terms of this Permanent Injunction, the Court will, upon TracFone's filing of an Affidavit or Declaration of Violation, order the payment of compensatory damages to TracFone in the amount of Five Thousand Dollars and No Cents ($5,000.00 (U.S.)) for each TracFone/NET10 Handset purchased, sold, unlocked, reflashed, altered, rekitted, advertised, solicited and/or shipped in violation of the Permanent Injunction, or a single damages award of One Million Dollars and No Cents ($1,000,000.00 (U.S.)), whichever is greater. The Court finds that these amounts are compensatory and reasonable estimations of the minimum damages suffered by TracFone for such a breach and will serve to compensate TracFone for its losses in the event Defendant violates the terms of this Permanent Injunction.

13. The last known address of Defendant Noor Traders is 1555 Thomas Avenue, San Francisco, California 94124.

14. The address of Plaintiff, TracFone Wireless, Inc. is 9700 Northwest 112th Avenue, Miami, Florida 33178.

**DONE AND ORDERED** in San Francisco, California, this 14th day of December, 2009.

Susan Illston

~~Hon. Joseph C. Spero~~
**UNITED STATES MA~~GISTRATE~~ JUDGE**

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT NOOR TRADERS-** Case No. 3:09-CV-05287-JCS Page 9